UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DENNIS J. WAGASY,                             Case No. 05-71264
CYNTHIA M. WAGASY,                       Chapter 13
                 Debtors.                 Hon. Marci B. McIvor
_____/

## OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO PRE-CONFIRMATION ATTORNEY FEES

This matter came before the Court on the Trustee's Objection to Pre-confirmation Attorney Fees. The Trustee objects to Debtors' counsel's fee application on the grounds that: (1) the overall fees requested are excessive; (2) various time entries are either duplicative or ministerial in nature; (3) the amount billed for preparation of the fee application is excessive; and (4) Glen Turpening's hourly rate of $195 is excessive. Having fully reviewed the file, the fee application, and the objections thereto, the Court GRANTS in part and DENIES in part the Trustee's objections as set forth below.

I.

FACTS

Debtors Dennis and Cynthia Wagasy filed a Chapter 13 bankruptcy petition on September 20, 2005. Debtors filed a Chapter 13 plan on October 3, 2005, a first amended plan on December 9, 2005, and a second amended plan on December 18, 2005. On January 26, 2006, Debtors' chapter 13 plan was confirmed. On February 9, 2006, Counsel filed his Application for Pre-confirmation Attorney Fees in the amount of

$2,955.88 for fees and $418.67 for costs for the period from September 7, 2005 through February 2, 2006. On March 1, 2006, the Trustee filed objections to the fee application on the grounds that: (1) the overall fees requested are excessive; (2) various time entries are either duplicative or ministerial in nature; (3) the amount billed for preparation of the fee application is excessive; and (4) Glen Turpening's hourly rate of $195 is excessive.

A hearing on the Fee Application was held on May 4, 2006.

II.

ANALYSIS

A.     Jurisdiction

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B.     Standard for Awarding Fees

The Bankruptcy Code, 11 U.S.C. § 330(a), codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

    (i) unnecessary duplication of services; or

    (ii) services that were not --

        (I) reasonably likely to benefit the debtor's estate; or

        (II) necessary to the administration of the case.

    \*    \*    \*

To summarize, 11 U.S.C. § 330(a) requires that requested fees must meet three conditions. The fees must be: (1) reasonable; (2) incurred for services that were actually rendered; and (3) incurred for services that were necessary. *In re Allied Computer*

3

*Repair, Inc.*, 202 B.R. 877 (Bankr. W.D. Ky. 1996).

The Sixth Circuit has adopted a "lodestar method" for actually applying the requirements set forth in 11 U.S.C. § 330. *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method requires that the court first determine a reasonable hourly rate, and then multiply the rate times the reasonable number of hours expended to perform actual, necessary services. The Court may "then determine whether a global reduction or enhancement of the fees is in order." *In re Atwell*, 148 B.R 483, 492-93 (W.D. Ky. 1993). The ability to review fee applications in the context of each individual case "permits the Court to balance the following two competing interests: (1) rewarding the attorney practicing bankruptcy on a level commensurate with other areas of practice; against (2) the need to encourage cost-conscious administration." *Allied Computer Repair, Inc.*, 202 B.R. at 884-85.

Courts have used many factors to analyze the number of hours which constitute a "reasonable number of hours." The factors most often included by courts in their analysis are: 1) the nature of the services rendered; 2) the difficulties and complexities encountered; 3) the results achieved; 4) the size of the estate and the burden it can safely bear; 5) the duplication of services; 6) professional standing, ability, and experience of the applicant; 7) fairness to each applicant; and 8) the cost of comparable services other than for a bankruptcy case. *In re General Oil Distributors*, *Inc.,* 51 B. R. 794 (E.D. N.Y. 1985). The burden of proof is upon the applicant to justify the requested fees. *In re Hamilton Hardware Co., Inc.*, 11 B.R. 326 (Bankr. E.D. Mich. 1981).

4

Bankruptcy attorneys are not entitled to compensation merely because time recorded was actually expended. *In re Allied Computer Repair, Inc.*, 202 B.R. 877, 886 (Bankr. W.D. Ky. 1996). The purpose of bankruptcy is not to serve as a fund for payment of professional fees. Instead, the purpose is to maximize the estate for distribution to creditors. "Attorneys must be disabused of the erroneous notion that they are entitled to compensation as long as the time recorded was actually expended." *Allied Computer Repair* 202 B.R. at 886. Every dollar spent on legal fees results in a dollar less that is available to creditors. *Id.* Attorneys should use "billing judgment" and make a good faith effort to "eliminate unproductive time or to reduce hours on productive projects where the total amount billed would be unreasonable in relation to the economic value of the matter in question." *In re Atwell*, 148 B.R. 483, 490-492 (W.D. Ky. 1993)(billing judgment applicable in determining both the hourly rate and number of billable hours).

C. <u>Trustee's Objections</u>

   1. <u>Overall Fees Requested Are Excessive</u>

The Trustee objects to the Fee Application on the grounds that the overall fees of $2,955.88 requested are excessive because this was a routine chapter 13 case. (Trustee's Objections ¶ 1 and 23). This Court finds that the fees requested thus far in this case are not excessive. Both the services performed and the amounts billed in this case are reasonable. The fee application indicates that Counsel spent approximately 4.1 hours talking to Debtors and filing their Plans and Schedules, and paralegals spent

5

approximately 2.7 hours assisting with those same tasks. The individual time entries are numerous but, in the aggregate, this is not an inappropriate amount of time to spend on the preparation and filing of Plans and Schedules, especially when 2.7 hours was billed at a paralegal rate of $70.00 per hour. The Court approves spending time at the beginning of the case to ensure that the documents filed are as accurate as possible, with the belief that this will save time and money later in the case. Debtors' case was filed on September 20, 2005, and the plan was confirmed on January 26, 2006. Confirmation within four months of filing is a successful outcome in a Chapter 13 case. Such an outcome is usually achieved in part, by spending sufficient time at the commencement of the case.

The other time entries billed by Counsel are reasonable. The Trustee's objection on the grounds that too much time was spent on the case, is denied.

2. <u>Various Time Entries are Either Duplicative or Ministerial</u>

The Trustee objects to numerous entries in the fee application on the grounds that the services provided were either: (1) duplicative, having been performed by a paralegal and reviewed by an attorney and, thus, only compensable once; or (2) clerical in nature and, therefore, non-compensable as overhead. (Trustee's Objections ¶¶ 2 - 20).

Having specifically reviewed the entries to which the Trustee objects, the Court finds that the entries are appropriate. With respect to the allegation that duplicative services were provided, this Court finds that, in this case, where both a paralegal and attorney billed for preparing and reviewing a certain document, such preparation and review was for the purpose of providing Debtors with a costs savings, since a paralegal's hourly rate is

6

substantially less than an attorney's hourly rate. Any cost savings benefits the creditors of the estate. With respect to the claims that the estate was billed for non-compensable overhead, this Court finds that, in this electronic age, drafting, filing and serving documents are often intrinsically intertwined. As such, these fees are allowed.

### 3. Fees Related to Preparation of Fee Application

The Trustee objects to fees requested relating to the preparation of the fee application because that charge is unreasonable and excessive under 11 U.S.C. § 330 and because that charge exceeds 5% of the net fees requested in Counsel's fee application. (Objection ¶ 1). "Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested." *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998).

In this case, the objectionable time entry, dated February 2, 2006, requested a total fee of $240.00 for preparation of the fee application. Excluding the fees billed for the preparation of the fee application, the total fees incurred were $2,715.88. Five-percent of $2,715.88 is $135.79. In this case, Counsel billed $240.00 for the preparation of his fee application, or $104.21 more than the 5% generally allowed in the *Bass* case. Therefore, this Court grants $135.79 for fees spent in the preparation of the fee application.

### 4. Hourly Rate Too High

The Trustee also objects to the hourly rate charged by Debtor's attorney, Glen

Turpening, asserting that his rate is excessive. Bankruptcy attorneys are generally entitled to an hourly fee in line with the prevailing market rates in the community. *In re ACT Manufacturing*, 281 B.R. 468, 486 (Bankr. D. Mass. 2002) ("[T]he Court should apply the rate customarily charged for similar services in the locality..."). The Court may, itself, determine the prevailing market rate in the community and thus evaluate the reasonableness of the attorneys' hourly rates. *In re Computer Learning Centers*, 285 B.R. 191, 227 (Bankr. E.D. Va. 2002). "The court is in an excellent position to evaluate the prevailing market rate for attorney's fees by virtue of the innumerable fee applications presented to [it] . . . The very number of applications provides an exceptional view of the breadth and depth of the legal community and the fees charged . . ." *Id.*

After reviewing the biographical statement Mr. Turpening submitted to this Court, this Court agrees with the Trustee that $195.00/hour is not warranted. Mr. Turpening has insufficient experience to justify the $195.00/hour billing rate. While Mr. Turpening's work is good, he has only been practicing law for slightly more than three years and, therefore, he is still in the process of learning the intricacies of bankruptcy practice. Therefore, this Court finds that an appropriate hourly rate for Mr. Turpening is $150.00/hour.

III.

CONCLUSION

For the above stated reasons, this Court orders Debtors' counsel to submit a

8

05-71264-mbm    Doc 35    Filed 05/17/06    Entered 05/17/06 11:22:15    Page 8 of 9

revised fee application on or before June 2, 2006. The revised fee application shall reduce the amount sought for preparation of the fee application to $135.79 and reduce Mr. Turpening's fees to $150.00/hour. This revised fee application is required to be served on the Chapter 13 Trustee only.

**Entered: May 17, 2006**

                                                             **/s/ Marci B. McIvor**
                                          **Marci B. McIvor**
                                          **United States Bankruptcy Judge**